IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACQUES AND ASSOCIATES, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. ELH-14-1662 |
| HAWK INSTITUTE FOR SPACE | * | |
| SCIENCES, LLC, | * | |
| Defendant. | * * * * * * | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses "Plaintiff's Request Pursuant to Federal Rule of Civil Procedure 55(b)(1) for Default Judgment Against Hawk Institute for Space Sciences, LLC" (the "Motion") (ECF No. 7) filed by Plaintiff Jacques and Associates, Inc. ("Jacques"). Defendant Hawk Institute for Space Sciences, LLC ("Hawk") has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. On August 15, 2014, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Hollander referred this case to me for a report and recommendation on Jacques's Motion. (ECF No. 8.) I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Jacques's Motion be GRANTED IN PART and DENIED IN PART.

## I.    FACTUAL AND PROCEDURAL HISTORY

In this case, Jacques filed suit against Hawk for breach of contract, account stated, unjust enrichment, quantum meruit, intentional misrepresentation and negligent misrepresentation. (ECF No. 1.) Hawk was served with the Complaint and summons but did not file an answer or responsive pleading within the requisite time period. On July 29, 2014, Jacques moved for the

Clerk's entry of default (ECF No. 5), and the Clerk entered default against Hawk on July 30, 2014 (ECF No. 6). On August 15, 2014, Jacques filed the Motion, to which Hawk has not responded.

## II.     LEGAL ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's

assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

###### B. Liability

Subject matter jurisdiction in this case is predicated on the diversity of the parties.  A federal court sitting in diversity must apply the choice of law rules applicable in the forum state. *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941). In contract actions, Maryland courts generally apply the law of the jurisdiction where the contract was made, pursuant to the doctrine of *lex loci contractus. See, e.g., Allstate Ins. Co. v. Hart*, 327 Md. 526, 611 A.2d 100 (1992). It is well established in Maryland, however, that "parties to a contract may agree to the law which will govern their transaction, even as to an issue going to the validity of the contract." *Kunda v. C.R. Bard, Inc.*, 671 F.3d 464, 469 (4th Cir. 2011). There are two exceptions that Maryland courts consider with respect to the enforcement of a contract's choice-of-law provision:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied unless: (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has materially greater interest than the chosen state in the determination of the particular issue and which [otherwise] would be the state of applicable law in the absence of an effective choice of law by the parties.

*Id.* (quoting Restatement (Second) Conflict of Laws § 187(2)(a), (b) (1971)).

Here, the Service Agreement ("Agreement") (ECF No. 1-2) that underlies this dispute provides that it "shall be construed in accordance with, and by governed by, the laws of the State of Maryland." Neither of the exceptions that would prevent Maryland courts from applying Maryland law are relevant to this case. Accordingly, I find that Maryland law governs this case.

### 1.      Count I – Breach of Contract

Count I of the Complaint asserts a claim of breach of contract. (ECF No. 1 ¶¶ 18-21.) "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001). According to the allegations of the Complaint, Jacques and Hawk entered into the Agreement attached to the Complaint in November 2009. (ECF No. 1 ¶ 6.) In general, the Agreement stated that Jacques would provide certain services to Hawk in exchange for payment. (*See* ECF No. 1-2.) Jacques states that "beginning in November of 2010, Jacques provided the contracted-for services," and was "initially paid the full amount" of its invoices by Hawk. (ECF No. 1 ¶¶ 8-9.) Soon thereafter, however, Hawk "reduced and ultimately stopped making payments despite continuing to receive services from Jacques under the Agreement." (*Id*. ¶ 9.) Hawk "never terminated the Agreement" and has failed to make payment to Jacques for the services provided under the Agreement, despite Jacques's demand that it do so. (*Id.*) Accepting as true the unchallenged facts of the Complaint, Jacques has shown that Hawk had a contractual obligation to pay Jacques for its services and that Hawk breached that obligation by failing to make full payment. Accordingly, I find that Jacques has established Hawk's liability for breach of contract and recommend that the Motion be granted as to Count I.

## 2.    Count II – Account Stated

Count II of the Complaint is a claim of account stated. (ECF No. 1 ¶¶ 22-29.) In Maryland,

> in order to maintain a cause of action on an account stated, all that need be shown is an admission that the stated sum of money constitutes a present existing debt. Such admission need not be express, but may be inferred. Thus, under appropriate circumstances, a failure within a reasonable time to object to the correctness of a stated sum may be regarded as an admission of liability.

*Baltimore Cnty. v. Archway Motors, Inc.*, 35 Md. App. 158, 166 (1977) (citing *Lyell v. Walbach*, 111 Md. 610, 614-15 (1909)); *see also Saul, Ewing, Remick & Saul v. Larosa*, 60 F.3d 824, 1995 WL 420012, at *2 (4th Cir. 1995).

Jacques claims that during the course of time that it provided services to Hawk, it "submitted regular billing statements to [Hawk] detailing the services rendered." (ECF No. 1 ¶ 23.) Jacques requested that Hawk pay the outstanding invoices, but Hawk "has refused, and continues to refuse, to pay Jacques for these services." (*Id.* ¶ 24.) Taking as true the factual allegations of the complaint, Jacques has established that it provided services to Hawk that gave rise to Hawk's indebtedness. Jacques regularly mailed billing invoices to Hawk (*see* ECF No. 1 ¶¶ 12-14) and Hawk acknowledged its outstanding debt to Jacques (*see id.* ¶ 13-14). Accordingly, I find that Jacques has established Hawk's liability for account stated and recommend that the Motion be granted as to Count II.

## 3.    Count III – Unjust Enrichment

Count III of the Complaint alleges that Hawk is liable for unjust enrichment.  (ECF No. 1 ¶¶ 30-35.)  When an express contract is present, a plaintiff cannot recover under the quasi-contractual theory of unjust enrichment. *See Froelich v. Erickson,* 96 F. Supp. 2d 507, 524 (D. Md. 2000). Because Jacques has established Hawk's liability for breach of contract, Jacques may

not recover on its claim for unjust enrichment, *see id.,* and default judgment is not proper on

Count III.  I recommend that the Motion be denied as to Count III.

### 4.    Count IV – Quantum Meruit

In Count IV of the Complaint, Jacques claims that Hawk is liable for quantum meruit.

(ECF No. 1 at 6-7, ¶¶ 36-41.) "Unjust enrichment and quantum meruit, both 'quasi-contract'

causes of action, are remedies to provide relief for a plaintiff when an enforceable contract does

not exist but fairness dictates that the plaintiff receive compensation for services provided." *Int'l*

*Waste Indus. Corp. v. Cape Envtl. Mgmt., Inc.*, 988 F. Supp. 2d 542, 554 (D. Md. 2013) (citing

*Dunnaville v. McCormick & Co., Inc.*, 21 F.Supp.2d 527, 535 (D. Md. 1998)). Here, Jacques has

established Hawk's liability for breach of contract, so its claim for quantum meruit must fail. I

recommend that the Motion be denied as to Count IV.

### 5.    Count V – Intentional Misrepresentation

Count V of the Complaint is a claim of intentional misrepresentation. (ECF No. 1 ¶¶ 42-

47.) Under Maryland law,

> the elements of intentional misrepresentation are: (1) the defendant made a false
> representation to plaintiff; (2) the falsity was known to the defendant or that the
> representation was made with reckless disregard for its truth; (3) the defendant
> made the representation to defraud the plaintiff; (4) the plaintiff relied on the
> misrepresentation and had a right to rely on it; and (5) the plaintiff suffered a
> compensable injury from that misrepresentation.

*Yarn v. Hamburger Law Firm, LLC*, No. RDB-12-3096, 2013 WL 5375462, at *6 (D. Md. Sept.

24, 2013) (citing *Hoffman v. Stamper*, 385 Md. 1, 28 (2005)).

This count of Jacques's Complaint is grounded in Hawk's representation to Jacques that

it intended to "pay the monies due and owing for the services received." (ECF No. 1 ¶ 43.)

Specifically, Hawk represented to Jacques in a November 2, 2012 email that Hawk "had a couple

of bad months sales wise," but would "be able to resume payments soon" because it "just got the

OMES contract." (*Id.* ¶ 14.) The Complaint alleges that this statement was known to Hawk to be false (or that it was at least made with reckless disregard for the truth), and that Hawk made the statement "for the purpose of defrauding and inducing [Jacques] into accepting payment over time." (*Id.* ¶ 45.) Jacques relied on Hawk's false assurance that it would make payment over time, and "as a direct result [of such reliance] . . . Jacques lost the time value of having been properly paid for the services rendered." (*Id.* ¶ 47.) Accepting these facts as true, I find that Jacques has established Hawk's liability for intentional misrepresentation. I recommend that the Motion be granted as to Count V.

### 6.      Count VI – Negligent Misrepresentation

Plaintiff claims in Count VI of the Complaint that Hawk is liable for negligent misrepresentation. (ECF No. 1 ¶¶ 48-54.)

> Under Maryland law, the elements of a claim for negligent misrepresentation are: "(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damage proximately caused by the defendant's negligence."

*Yarn*, 2013 WL 5375462, at *7 (citing *Lloyd v. General Motors Corp.,* 397 Md. 108, 135–136 (2007)).

Here, Jacques has already established that Hawk made intentional misrepresentations about its ability and intent to make payment to Jacques. Jacques's claim for negligent misrepresentation appears to be an alternative theory of relief, which is permitted under Fed. R. Civ. P. 8. Accepting as true Jacques's allegations that Hawk "negligently represented to Jacques that [it] intended, and was able, to pay the monies due" with the intention that Jacques would rely on the misrepresentation (ECF No. 1 ¶¶ 50-51); that Jacques did justifiably rely on the misrepresentation (*id.* ¶ 53); and that Jacques suffered damages as a result of its reliance, I find

that Jacques has established Hawk's liability for negligent misrepresentation. I recommend that the Motion be granted as to Count VI.

### C.       Damages

Having determined that Jacques has established Hawk's liability, it is now appropriate to determine the damages to which Jacques is entitled. Jacques has established multiple claims for relief against Hawk, but has only suffered one injury. For each claim that has been established, Jacques's injury was the same: Jacques was not paid the money it was owed by Hawk when it became due under the Agreement. Under the "one wrong, one recovery rule," a "plaintiff may not recover damages twice for the same injury simply because he has two legal theories." *Montgomery Ward & Co., Inc. v. Cliser*, 267 Md. 406, 425 (1972).

Generally, an evidentiary hearing is required to determine an award of damages, even in the case of a defendant's default. *See Laborers' Dist. Council Pension v. E.G.S., Inc.,* No. WDQ-09-3174, 2010 WL 1568595 (D. Md. Apr. 16, 2010). However, the Court may award damages "if the record supports the damages requested." *Id*. at *3 (collecting cases). Here, Jacques has provided sufficient evidence to support its claim for damages in the amount of $88,343.40.

Jacques has submitted the declaration of Steve Jacques ("Mr. Jacques"), who is employed as the President of Jacques & Associates. (ECF No. 7-2.) Mr. Jacques provides a detailed summary of the invoices Jacques sent to Hawk (*id.* at 2-3, ¶¶ 4-6, 8-12, 14-20) and the payments made by Hawk (*id.*, ¶¶ 7, 13, 21-22). Between November 2010 and February 2012, Jacques invoiced Hawk for services provided in the total amount of $96,450.00, but Hawk only remitted payment to Jacques in the total amount of $19,200.00. As a result, Hawk still owes Jacques $77,250.00 for the services it provided under the Agreement. The evidence Jacques has submitted is sufficient to support its claim for $77,250.00 in damages.

8

Jacques also seeks prejudgment interest from August 15, 2012 through the date of judgment at the rate of six percent. In a diversity case, prejudgment interest is a matter of state substantive law. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). In Maryland,

> [p]re-judgment interest is allowable as a matter of right when the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date.

*Buxton v. Buxton*, 363 Md. 634, 656, 770 A.2d 152, 165 (2001) (internal quotation omitted). Maryland's prejudgment interest rate is six percent. Md. Const. art. III, § 57 ("The Legal Rate of Interest shall be Six per cent. per annum; unless otherwise provided by the General Assembly.").

Here, Hawk had an obligation to pay Hawk $77,250.00 from at least August 15, 2012, which is the date it made its last payment. (*See* ECF No. 7-1 ¶ 10.) I find that Jacques is entitled to prejudgment interest from August 15, 2012 through the date of the entry of judgment. As of the date of this Report and Recommendation, I find that Jacques is entitled to $10,693.40 in prejudgment interest. This amount is calculated as the product of the daily prejudgment interest amount ($12.70 per day, or $4,635.00 divided by 365 days) and the number of days that have elapsed since August 15, 2012 (842 days as of December 5, 2014). (*See* ECF No. 7-1 ¶ 10.)  I recommend that Jacques be awarded prejudgment interest in the amount of $10,693.40, as of December 5, 2014.

Jacques also seeks an award of costs. (ECF No. 7-1 ¶ 9); *see* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Jacques seeks an award of the $400 filing fee it incurred to bring this case. Because fees paid to the Clerk for filing are compensable under the

Local Rules and 28 U.S.C. § 1920, I recommend that Jacques be awarded costs in the amount of $400.00.

In total, I recommend that $88,343.40 in damages be awarded to Jacques against Hawk. This amount is comprised of the $77,250.00 that Hawk owes Jacques under the Agreement; $10,693.40 in prejudgment interest; and $400.00 in costs. I also recommend that Jacques be awarded post-judgment interest at the rate set forth in 28 U.S.C. § 1961.

### III.    CONCLUSION

In sum, I recommend that the Court:

1.      Grant Plaintiff Jacques's Motion (ECF No. 7) as to Counts I, II, V and VI;

2.      Deny Plaintiff Jacques's Motion as to Counts III and IV;

3.      Enter judgment in favor of Plaintiff Jacques and Associates, Inc. against Defendant Hawk Institute for Spaces Sciences, LLC in the amount of $88,343.40, plus post-judgment interest to accrue at the legal rate.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendant Hawk  Institute for Spaces Sciences, LLC. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

December 5, 2014                              _____/s/_____
Date                                         Timothy J. Sullivan
                                             United States Magistrate Judge